IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN M. HUCKEBA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1851-D |
| | § | |
| ALLSTATE INSURANCE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Stephen M. Huckeba, an inmate in the TDCJ-ID, against Allstate Insurance. On September 16, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on October 13, 2005. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1981).

II.

Plaintiff alleges that he sustained permanent brain damage in an automobile accident that occurred nine years ago. The driver of the other vehicle, Erma Ethridge Smith, was insured by Allstate Insurance. Although plaintiff settled all claims arising out of the accident in 1997, he now seeks $15,000 for continuing medical care.

III.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

A.

Plaintiff alleges that federal subject matter jurisdiction is proper under 42 U.S.C. § 1983. (*Spears* Quest. #2). In order to maintain a civil action under that statute, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). Allstate Insurance is a private corporation, not a state actor. (*Spears* Quest. # 4). Private action may give rise to section 1983 liability only when the challenged conduct is "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Plaintiff fails to allege any facts which, if proved, constitute state action. Consequently, there is no basis for federal question jurisdiction.

B.

Nor is there any basis for federal diversity jurisdiction. First, both plaintiff and Erma Ethridge Smith are citizens of Texas. (*Spears* Quest. #4(c) & (d)). Although plaintiff has not sued Smith, her citizenship controls in a direct action against her insurer, Allstate. *See* 28 U.S.C. § 1332(c)(1).[2] Second, federal diversity jurisdiction is not proper because the amount in controversy does not exceed $75,000. When asked to specify the relief sought in this lawsuit, plaintiff responded, "$15,000 Dollars to get professional help in matter." (*Spears* Quest. #3). This allegation, presumably made in good faith, shows that the amount in controversy requirement has not been satisfied. *See Acosta v. Amoco Oil Co.*, 978 F.Supp. 703, 705 & n.5 (S.D. Tex. 1997), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.[3]

---

[2] This statute provides, in pertinent part:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, *such insurer shall be deemed a citizen of the State of which the insured is a citizen*.

28 U.S.C. § 1332(c)(1) (emphasis added). *See also Climer v. Twin City Fire Insurance Co.*, No. 3-04-CV-0552-G, 2004 WL 1531796 at *3 (N.D. Tex. Jul. 8, 2004).

[3] The disposition of this case does not preclude plaintiff from suing Allstate in Texas state court.

DATED: October 20, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE